UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KRISTA MARIE BUTLER, | |
|---|---|
| Appellant, | |
| v. | No. 15 C 3625 |
| | Judge James B. Zagel |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Appellee. | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from the decision issued by Administrative Law Judge Sylke Merchan on December 16, 2013, finding that Krista Marie Butler ("Butler") was "not disabled" and denying her social security disability benefits. This matter is presently before me on Butler's motion for summary judgment. For the following reasons, Butler's motion is granted to the extent that it seeks a remand.

## PROCEDURAL HISTORY

Butler filed applications for disability insurance benefits and supplemental security income ("SSI") on April 25, 2012, alleging she became disabled on January 1, 2010. Butler's applications were denied initially and upon reconsideration. Butler requested a hearing before an ALJ, and a hearing was held on November 19, 2013, where Butler, a medical expert, and a vocational expert testified. In a December 16, 2013 decision, the ALJ found that Butler was not disabled because she could perform a significant number of jobs in the national economy. When Butler requested review of the ALJ's decision, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Butler appeals the Commissioner's decisions to deny SSI benefits under Title XVI of the Social

1

Security Act, 42 U.S.C. § 1831, *et seq*.

## FACTUAL BACKGROUND

Butler was twenty-four years old at the time of her hearing. She suffers from severe dysthymic disorder, generalized anxiety disorder, and panic disorder, all of which are severe impairments that cause limitations in her ability to perform basic mental work activities. Due to her panic attacks, Butler dropped out of high school but later received a GED through an online program. Although Butler has worked after the alleged disability onset date—she worked at her family's restaurant, doing paperwork in the office and basic preparatory work in the kitchen—the ALJ found that Butler has not engaged in substantial gainful activity since January 1, 2010.

At the hearing, Butler testified that she leaves her home once or twice a week for medical appointments and to visit her mother. With the sole exception of her boyfriend of several years, she has no friends but does not like being alone and, therefore, needs a "safe" person with whom to leave the house. She is subject to several panic attacks daily, which are triggered by certain thoughts or being in crowds. While medication is effective, it leaves her lethargic such that she spends most days sleeping and watching TV.

Due to her long history of anxiety and panic attacks, Butler was treated by two psychiatrists between 2012 and 2013. Her most recent treating psychiatrist, Dr. Ramesh Vemuri, treated Butler for more than one year and documented her panic disorder repeatedly. In June 2013, Dr. Vemuri diagnosed Butler with panic disorder with agoraphobia and, based on his own observations and Butler's reports, concluded that she was housebound due to panic and public avoidance and suffered from depression as a result of her condition. He opined that Butler would not be able to function five days a week, eight hours a day in a competitive work environment and that she exhibited a complete inability to function outside her home.

At the hearing, Dr. Allen Heinemann, a third-party clinical psychologist certified in rehabilitation psychology, and a vocational expert testified. After reviewing the record, Dr. Heinemann supported Dr. Vemuri's diagnosis of panic disorder but opined that Butler could work in a low stress setting. In weighing the conflicting medical testimonies, the ALJ assigned little weight to the conclusions of Dr. Vemuri because she did not find that his treatment notes supported his assessments of Butler's severe limitations (e.g., the progress notes submitted by Dr. Vemuri did not reference Butler experiencing multiple panic attacks daily). Accordingly, the ALJ found that Butler has the residual function capacity to perform simple, routine, repetitive tasks in a work environment with minimal stressors.

## LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at steps three and five, precludes a finding of disability.

3

*Id*. The claimant bears the burden of proof at steps one through four. *Id*. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id*.

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841.

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe* ex rel. *Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his

reasoning . . . ."); *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see also Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## DISCUSSION

Butler argues that the ALJ's decision was in error because the ALJ failed to properly evaluate her severe mental impairments under Listings 12.04 or 12.06. In making this finding, the ALJ considered whether the "paragraph B" criteria are satisfied—that is, whether the mental impairments results in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. The ALJ determined that Butler's daily living activities are moderately restricted because she was taking online college courses, doing laundry, dishes, and vacuuming, and going shopping. The ALJ also determined that Butler has moderate difficulties in social functioning– though she does not like to be in large groups of people, Butler has maintained a five-year relationship with her boyfriend and socializes with family members. The ALJ also found that Butler has moderate difficulties in maintaining concentration, persistence, or pace.

Butler must meet all of the specified medical criteria of a particular listing to be considered disabled at step three. *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999). Butler

bears the burden of proving that her condition meets or equals a listed impairment. Here, despite the ALJ's cursory analysis of the "B" criteria, Butler fails to show that the ALJ committed a significant legal error. Butler does nothing more than make conclusory statements and does not present a meaningful argument that her impairments meet or equal a listed impairment. Any shortcomings in the ALJ's analysis amounts to harmless legal error.

Butler also argues that the ALJ's assessment of medical testimony is erroneous. "A treating physician's opinion that is consistent with the record is generally entitled to 'controlling weight.' An ALJ who chooses to reject a treating physician's opinion must provide a sound explanation for the rejection." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citations omitted) (citing 20 C.F.R. § 404.1527(d)(2)). In assigning little weight to the conclusions of Dr. Vemuri, the treating psychiatrist, the ALJ states that severity of his assessed limitations are not supported by his treatment notes. The only explanations provided by the ALJ, however, are that (1) Dr. Vemuri's records do not always refer to Butler's panic disorder as accompanied with agoraphobia; and (2) there is no reference to Butler experiencing multiple panic attacks daily in Dr. Vemuri's progress notes. However, Dr. Vemuri's most recent diagnosis of Butler was panic disorder *with* agoraphobia, and the ALJ fails to sufficiently address how this diagnosis did or did not affect her consideration in weighing the medical testimony. Furthermore, the ALJ's conclusion that Dr. Vemuri's testimony can be given little weight because his notes did not reference Butler's multiple panic attacks does not constitute a sound explanation for the rejection. "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556,

561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)). By rejecting Dr. Vemuri's testimony based on two explanations and failing to sufficiently consider these factors (either explicitly or implicitly), the ALJ did not meet the requirements for rejecting a treating physician's testimony.

## CONCLUSION

For the reasons set forth above, Butler's motion for summary judgment is granted to the extent that it seeks a remand. This case is remanded to the Social Security Administration for proceedings consistent with this opinion.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 15, 2016